UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEYANIRA ESPINAL, ANGELA BERISE,
PERALTA FRITMAN and MARIA ARACELI
GONZALES FLORES,

             Plaintiffs,

             - against -

RAMCO GENERAL STORES, INC., d/b/a
RAMCO and/or NATIONAL DISCOUNT
STORE; RAMCO GENERAL STORE INC 2,
d/b/a RAMCO and/or NATIONAL
DISCOUNT STORE; and ALBERT PALACCI,

             Defendants.
------------------------------------------------------------X

04 Civ. 3594 (TPG)

OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/05

Plaintiffs, former employees at defendant stores, claim that they were denied the compensation required under the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA") and the New York Labor Law §§190 et seq. They also assert claims for various forms of wrongdoing under New York statutes and common law.

The federal claim under FLSA was disposed of by plaintiffs' acceptance of an offer of judgment and dismissal of this claim. The state law compensation claims were also covered by this dismissal.

Pursuant to Fed. R. Civ. P. Rule 12(b)(1), defendants move to dismiss the

remaining causes of action, which assert the other state law claims. Defendants contend that the court should decline further supplemental jurisdiction over these state law claims. The motion is denied.

Plaintiffs have filed a motion to obtain the attorneys' fees provided for in the offer of judgment. That motion is not dealt with in this opinion.

## **BACKGROUND**

In view of the nature of the motion, the relevant facts relate mainly to the procedures that have occurred thus far in the course of litigation.

Plaintiffs are three women who worked in the defendant retail stores, Ramco and National Discount Store, located on Dyckman Street in upper Manhattan. Defendant Albert Palacci is the owner of these stores.

The action was commenced on May 4, 2004. In addition to the compensation claims under the FLSA and the New York Labor Law, the complaint alleged sexual harassment and related wrongdoing in violation of New York statutes and common law.

In July 2004 the parties engaged in initial disclosures and plaintiffs served their first request for production of documents.

On August 5, 2004 defendants made an offer of judgment to plaintiffs pursuant to Fed. R. Civ. P. Rule 68. The offer was for:

> (a) Judgment for the plaintiffs in the total amount of $60,712.00 as respects the First, Second and Third Causes of Action; and
>
> (b) in accordance with F.R.C.P. 23, 5 U.S.C. §501 or other statute, reasonable attorneys'

fees as determined by the Court to be
incurred up through the date of this Offer.

The first cause of action was brought under the FLSA. The second and third causes of action were under the New York Labor Law. These were the compensation claims.

A pre-trial conference was held on August 6, 2004. Plaintiffs served their second request for production of documents and first set of interrogatories on the same day.

Plaintiffs accepted the offer of judgment on August 16, 2004. The $60,712 was paid on September 15, 2004. On October 21, 2004, the court entered an order dismissing the first, second, and third causes of action with prejudice.

The state law claims relating to sexual harassment were not disposed of and remained to be litigated. Also, the issue about attorneys' fees, which was part of the offer of judgment, was still to be resolved.

On September 10, 2004, the court referred the parties to mediation. The parties attended the mediation on October 18, 2004. No settlement was reached.

Defendants' motion to dismiss the state law claims was filed on October 21, 2004. Opposition papers were not filed until February 9, 2005. In the meantime, other events occurred in the litigation.

Defendants served responses to plaintiffs' first set of interrogatories on

October 22, 2004.

The parties continued to engage in settlement discussions. In a letter to the court dated November 4, 2004, the parties jointly requested an extension of all deadlines so that they could continue the settlement discussions. The parties eventually agreed on a settlement of both the state law claims and the amount of the attorneys' fees involved in the offer of settlement.

On January 4, 2005 defendants' attorney informed plaintiffs' attorney that defendants were no longer willing to proceed with the settlement and were terminating his representation. Plaintiffs requested an emergency conference, which was held with the court on January 5, 2005.

At the conference, the court permitted defendants' counsel to withdraw and gave defendants two weeks in which to obtain new counsel. Defendants retained new counsel shortly thereafter.

Plaintiffs filed their opposition to the motion to dismiss on February 9, 2005. Subsequently, plaintiffs took the depositions of defendant Palacci and one witness.

## **DISCUSSION**

Supplemental jurisdiction is provided for in 28 U.S.C. § 1367, which states in relevant part:

> (a) ...in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under

> Article III of the United States Constitution.
>
> . . .
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -
>
> (1) the claim raises a novel or complex issue of state law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court had original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Despite the grant of supplemental jurisdiction in subsection (a), subsection (c) makes it clear that district courts "may decline" to exercise supplemental jurisdiction under certain circumstances.

The decision whether to exercise supplemental jurisdiction is within the sound discretion of the district court. See Tops Market, Inc. V. Quality Markets, Inc., 142 F.3d 90 (2d Cir. 1998); Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994). In doing so, the district court should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966)).

One of the grounds for declining supplemental jurisdiction, specifically listed by the statute, is where the district court has dismissed the claims over which it has original jurisdiction. Indeed the Second Circuit has indicated that generally "if federal claims are dismissed before trial . . . the state claims

should be dismissed as well" Castellano v. Bd. of Trustees, 937 F.2d 752, 758 (2d Cir. 1991).

However, the Second Circuit has stated that when the dismissal of a federal claim occurs late in the action, after there has been a substantial expenditure in time, effort, and money in preparing the dependant claims, a belated rejection of supplemental jurisdiction over the dependent claims may not be fair and is not necessary. See Motorola Credit Corp., v. Uzan, 388 F.3d 39, 56 (2d Cir. 2004); Purgess, 33 F.3d at 138.

The following are cases in which supplemental jurisdiction over state claims was retained after the federal claims were dismissed. Ametex Fabrics, Inc. v. Just in Materials, Inc. v. Am. Fast Print, Ltd., 140 F.3d 101, 105 (2d Cir. 1998); Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1192 (2d Cir. 1996); Raucci v. Town of Rotterdam, 902 F.2d 1050, 1055 (2d Cir. 1990); Philian Ins. Ltd. v. Frank B. Hall & Co., 786 F. Supp. 345, 347-9 (S.D.N.Y. 1992).

In the present case, the federal claim has been dismissed. However, there has been substantial discovery, including depositions, regarding the state law claims. Mediation, and settlement discussions aside from the mediation, have occurred as to these claims. A settlement agreement was actually reached, although not consummated. Much of this occurred after the dismissal of the federal claims.

Under these circumstances, the interests of judicial economy, fairness to litigants, and convenience weigh in favor of maintaining supplemental

jurisdiction over the state law claims in the case. Accordingly, the motion to dismiss is denied.

SO ORDERED.

Dated:   New York, New York
         August 26, 2005

THOMAS P. GRIESA
U.S.D.J.