UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------x
DEYANIRA ESPINAL, ANGELA BERISE        :
PERALTA FRITMAN, and MARIA             :
ARACELI GONZALES FLORES                :
                                       :
                                       :      04 CV 3594 (TPG)
                  Plaintiffs,          :
                                       :        OPINION
         - against -                   :
                                       :
RAMCO GENERAL STORES, INC., d/b/a      :
RAMCO and/or NATIONAL DISCOUNT         :
STORE; RAMCO GENERAL STORE INC         :
2, d/b/a RAMCO and/or NATIONAL         :
DISCOUNT STORE, and ALBERT             :
PALACCI,                               :
                                       :
                  Defendants.          :
------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/3/07

The complaint in this case contains claims for labor law violations

under Federal and New York State law, and for sexual harassment and

gender discrimination under New York State and New York City law. On

August 5, 2004, defendants served plaintiffs with an Offer of Judgment

under Fed. R. Civ. P. 68 on the labor claims. Plaintiffs accepted the offer.

However, the case went to trial on the other claims. On September

19, 2006, a jury found that defendant Albert Palacci committed sexual

harassment, retaliation and assault and battery against plaintiffs and

returned a verdict against defendants in the amount of $455,000. The

jury awarded $330,000 in compensatory damages and $125,000 in

punitive damages. The court entered judgment pursuant to the jury's

verdict on October 12, 2006.

On November 10, 2006, defendants moved under Fed. R. Civ. P. 60(b)(1) and (b)(6) to either reduce the amount of the verdict or for a new trial on damages.

On February 9, 2005, plaintiffs moved for reasonable attorneys' fees and costs on the labor claims. On January 26, 2006, the court denied plaintiffs' motion without prejudice until their state law claims were to be resolved. Plaintiffs now renew that motion and move for attorneys' fees and costs on the entire action. Plaintiffs seek $478,225.81 in attorneys' fees and $22,508.02 in costs in connection with the harassment and discrimination claims, and seek $84,749.45 in fees and $688.08 in costs in connection with the labor claims.

<h3 style="text-align:center">Rule 60(b)</h3>

Defendants' sole contention in support of their motion is that plaintiffs' testimony regarding their own mental and psychological suffering is insufficient to support the jury verdict. Defendants note that plaintiffs did not introduce any psychiatric or medical evidence to support their own testimony.

Plaintiffs argue convincingly that defendant should be procedurally barred from bringing this motion. But the court need not reach that issue. Plaintiffs offered competent evidence to prove that they were injured by Palacci's conduct. They were not required to offer expert

- 2 -

testimony to confirm their injuries.  Defendants' argument has no merit and their motion under Rule 60(b) is denied.


## Fees and Costs

Plaintiffs move for attorneys fees and costs under Fed. R. Civ. P. 54(d) which allows costs to be awarded to the prevailing party "as of course" and for attorneys' fees to be awarded where authorized by statute.  Attorneys' fees on plaintiffs' labor claims are authorized under 29 U.S.C. § 216(b) and N.Y. Labor Law § 663(1).  Attorneys' fees on plaintiffs' harassment and discrimination claims are authorized by N.Y. City Admin. Code § 8-502(f).

Defendants concede that plaintiffs are the "prevailing party" under the law and that attorneys' fees and costs are awardable in the court's discretion.  Notably, defendants do not challenge plaintiff's calculations.  They neither challenge the reasonableness of the hourly rates submitted by plaintiffs, nor do they challenge the number of actual hours billed.

Defendants offer three arguments in opposition to plaintiffs' motion.  First, defendants argue that Palacci has limited resources and that the substantial verdict in this case is enough punishment.  However, Palacci has put forth no affidavit, nor any other piece of evidence to substantiate his claim.  In contrast, plaintiffs have submitted property records to the court that show that Palacci owns real estate in Maine that, as of 2004, was valued well in excess of the judgment plus

attorneys' fees and costs requested here.  Indeed, at trial, Palacci admitted that he owned the properties.  Without any countervailing evidence, the court must assume the Palacci has the ability to pay the attorneys' fees and costs.

Second, defendants argue that plaintiffs were represented pro bono by the ACLU's Women's Rights Project, which is independently funded for such representation and does not rely on attorneys' fees.  But such a circumstance has never been grounds for denying fees.

Finally, defendants argue that plaintiffs' counsel wrongly contacted the media at the outset of the litigation and note that the court chastised plaintiffs' counsel for doing so.  Defendant argues that this bears on the skill of plaintiffs' attorneys and should be taken in to account in the calculation of fees.  The court's comments to plaintiffs' counsel regarding media contact do not lessen the court's observation that plaintiffs' attorneys conducted themselves skillfully throughout the litigation and prevailed for their clients.

Accordingly, defendants' motion to reduce the verdict is denied and plaintiffs' motion for attorneys' fees and costs is granted.  In the exercise of its discretion the court awards $400,000 in attorneys' fees and $23,196.10 in costs.

- 4 -

Dated: New York, New York
      April 2, 2007

SO ORDERED

Thomas P. Griesa
U.S.D.J.